UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GUY ALLEN MILLNER, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:16CV01003 ERW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Guy Allen Millner Jr.'s Motion to Vacate [ECF No. 1] and Amended Motion to Vacate [ECF No. 3].

**I.   BACKGROUND**

On December 20, 2006, Petitioner Guy Allen Millner, Jr. ("Petitioner) was indicted for the federal offense of knowingly and intentionally possessing pseudoephedrine, in violation of 21 U.S.C. § 841(c)(2).[1] On February 14, 2007, a superseding indictment was filed on November 29, 2006, adding a second count of knowingly and intentionally possession pseudoephedrine in violation of 21 U.S.C. § 841(c)(1). On February 20, 2007, Petitioner pled guilty to Count II of the superseding indictment.

To determine Petitioner's sentence, the Court used the 2006 Guidelines Manual and calculated Petitioner's base offense level at 30. His offense level was increased to 32 because he was found to be a career offender. He received a three-level adjustment for acceptance of responsibility. His total offense level was 29, and his criminal history category was VI. The

---

[1] Petitioner's criminal case is *United States v. Guy Allen Millner, Jr.*, 4:06CR00773 ERW.

1

guideline range was 151 to 188 months. On June 28, 2007, the Court sentenced Petitioner to a term of 151 months, and a two-year term of supervised release.

After the United States Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2251 (2015), Petitioner filed the present motion to correct his sentence asserting he is no longer a career offender in light of the Supreme Court's decision in *Johnson*. Petitioner's case was stayed pending a decision in *United States v. Beckles*, which the Supreme Court decided on March 6, 2017. 137 S. Ct. 886 (2017).

**II. ANALYSIS**

In *Johnson*, the Supreme Court determined the residual clause in the definition of "violent felony" in the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. 135 S. Ct. 2551. Subsequently, in *United States v. Welch*, the Supreme Court ruled *Johnson* was a substantive new rule, retroactive on collateral review. 136 S. Ct. 1257 (2016). In *Beckles*, the Supreme Court held the United States Sentencing Guidelines, which uses the same language used in the ACCA, which was determined to be unconstitutionally vague in *Johnson*, were not subject to a void for vagueness challenge, because they are advisory, not mandatory. 137 S. Ct. 886 (2017).

Petitioner asserts his sentence should be vacated because he was sentenced under an effectively mandatory guidelines regime and the ruling in *Johnson* applies to mandatory guideline sentences.[2] In response, the Government argues Petitioner's motion must be denied because (1) Petitioner knowingly waived his right to file a § 2255 motion when he pled guilty, (2) his claim is time-barred and *Johnson* does not retroactively apply to advisory guidelines, (3)

---

[2] Prior to 2005, the Guidelines were mandatory. In 2005, the Supreme Court held the guidelines were, in part, unconstitutional, and should be applied in an advisory manner. *United States v. Booker*, 543 U.S. 220 (2005).

Petitioner's claim is procedurally defaulted, (4) his claim is not recognizable under § 2255, and (5) his claim is without merit pursuant to *Beckles*.

The Court will not address all of the procedural arguments raised by the Government and Petitioner in their briefs, because Petitioner's claim is without merit after the Supreme Court's ruling in *Beckles*. Thus, even if the Court were to find in favor of Petitioner on all of the procedural arguments, his claim would still fail.

While Petitioner's argument the guidelines in 2006 were "effectively mandatory" is interesting, the ruling in *Beckles* forecloses his argument. The defendant, in *Beckles*, was sentenced on October 17, 2007, and the 2006 guidelines manual was used to determine he was a career offender. 137 S. Ct. at 890. The same guidelines applied in this case just four months after Petitioner was sentenced, were determined to be advisory by the Supreme Court, which stated "because they merely guide the district court's discretion, the Guidelines are not amenable to a vagueness challenge." *Id*. at 894. This Court cannot conclude the same guidelines as analyzed in the Supreme Court's opinion were mandatory, in direct contravention of the Supreme Court's opinion they were not mandatory. Therefore, Petitioner's sentence may not be reduced pursuant to *Johnson*.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Guy Allen Millner Jr.'s Motion to Vacate [ECF No. 1] and Amended Motion to Vacate [ECF No. 3] are **DENIED**.

So Ordered this 23nd day of August, 2017.

*E. Richard Webber*

_____
**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**